# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

FRED WHITT,

        Plaintiff,

v.                                           CIVIL ACTION NO. 3:17-2532

HIGH VOLTAGE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court is Defendant's Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 9). For reasons specified herein, Defendant's motion is **DENIED**.

### I.     Background

Plaintiff filed the present Complaint on April 26, 2017, alleging six counts of liability against Defendant (ECF No. 1). Counts I and II of the Complaint pertain to Defendant's alleged violations of the Family and Medical Leave Act (FMLA) (ECF No. 1). Plaintiff alleges that Defendant interfered with his rights under the FMLA and that Defendant discriminated against Plaintiff because Plaintiff exercised his rights under the FMLA (ECF No. 1).

Defendant filed the present Motion to Partially Dismiss on June 16, 2017 (ECF No. 9). In its motion, Defendant claims that it is not subject to the requirements of the FMLA because it does not meet the statutory definition of "employer" as specified in the Act (ECF No. 9). In support of its motion, Defendant included the Affidavit of Shannon Wells, President of defendant corporation High Voltage, Inc. (ECF No. 10-1). Wells swore in the affidavit that Defendant "does not employ

50 or more employees" (ECF No. 10-1). Defendant argues that, because it does not employ 50 or more employees, it is not an employer subject to the requirements of the FMLA.

In his response, Plaintiff argues that the number of employees actually employed by Defendant is an issue of fact that has yet to be determined by evidence (ECF No. 12). Accordingly, Plaintiff asserts, it would be inappropriate and premature to dismiss his FMLA claims against Defendant at this time (ECF No. 12).

## II.     Standard of Review

To survive a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id*.

"In resolving a motion pursuant to Rule 12(b)(6) . . . , a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). Accordingly, a district court may only consider documents attached to a motion to dismiss if they are integral to the complaint and authentic. *Id*. (citation omitted). There is no uniform agreement among the circuit courts as to whether an affidavit attached as an exhibit to a motion to dismiss falls within this exception. *Id*. The Fourth Circuit has ruled, though, that a district court may

properly decline to consider such an affidavit in order to avoid converting a motion to dismiss into a motion for summary judgment. *Id*. at 117.

### III. Analysis

The FMLA defines "covered employer" as an employer that employs 50 or more people. 29 C.F.R. § 825.104(a) (2017). For Plaintiff to plead a plausible claim against Defendant for FMLA violations, then, Plaintiff must sufficiently allege that Defendant is a covered employer under the FMLA's standards. Plaintiff has done so here. In his Complaint, Plaintiff alleges: "Defendant is and was a covered employer under the FMLA, and employs 50 or more people within 75 miles of the location where Plaintiff was employed" (ECF No. 1). Accepting this factual allegation as true, as is required, the Court finds that Plaintiff has provided enough facts that his claim is plausible on its face.

Defendant contends in its motion to dismiss that the facts Plaintiff pled are incorrect, and that Plaintiff's claim should therefore be dismissed (ECF No. 10)[1]. Defendant's assertions, even though they may be true, are premature. A 12(b)(6) motion is meant to test the sufficiency of Plaintiff's complaint, not the substantive factual allegations contained therein. Accordingly, the Court declines to dismiss Plaintiff's first two claims at this time.

---

[1] In support of this assertion, Defendant has attached an affidavit of its President to its motion (ECF No. 10-1). In order to avoid converting Defendant's motion to partially dismiss into one for partial summary judgment, the Court declines to consider Defendant's Exhibit A (ECF No. 10-1) at this time.

## IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 9) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     November 27, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE